D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

| | |
|---|---|
| FAITH MABRY, on behalf of herself and others similarly situated, | CASE NO. |
| Plaintiff, | COMPLAINT |
| v. | FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION |
| LAML, LLC, d/b/a JOHN SULLIVAN'S BAR & GRILL; 240 BBJ PUB INC., d/b/a JACK DOYLE'S PUB & RESTAURANT; 505 HP LLC, d/b/a THE TAILOR PUBLIC HOUSE & KITCHEN; BRENDAN CREEGAN; and JOHN CREEGAN; | JURY TRIAL DEMANDED |
| Defendants. | |

---------------------------------------------------------x

Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff Faith Mabry hereby brings this complaint against Defendants to recover unpaid overtime compensation, minimum wage compensation, and statutory penalties for herself and similarly situated service workers – bartenders and busboys ("Service Workers") – who worked or have worked at any of Defendants' Irish Pubs – John Sullivan's Bar & Grill, Jack Doyle's Pub & Restaurant, and The Tailor Public House & Kitchen (collectively, the "Irish Pubs") – located in Manhattan, New York, within six years of the filing of this action.

2. Owned and operated collectively by the Creegan family, the Pubs are in the neighborhoods surrounding Madison Square Garden and provide food and drink for tourists and locales alike.

3. The pubs are centrally controlled by Defendants Brendan Creegan and John Creegan who own, manage, and oversee operations at all the Pubs.

4. Importantly, the Services workers perform the same basic job duties, are subject to the same employment policies, practices and procedures, and are directed and/or permitted by Defendants to perform work at all locations without retraining.

5. Plaintiff brings this action on behalf of herself and all similarly situated current and former Service Workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, specifically the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA by that have deprived Plaintiff, and other similarly situated employees, of their lawfully earned wages.

6. Plaintiff also brings this action on behalf of herself, and all similarly situated current and former Service Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

**JURISDICTION AND VENUE**

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action

within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

9. Defendant LAML, LLC is a New York limited liability company that owns and operates John Sullivan's Bar & Grill ("John Sullivan's") located at 210 West 35th Street, New York, NY 10001.

10. John Sullivan's has an annual gross volume of sales in excess of $500,000.

11. Defendant 240 BBJ PUB INC. is a New York Corporation that owns and operates the Jack Doyle's Pub & Restaurant ("Jack Doyle's") located at 240 West 35th Street, New York, NY 10001.

12. Jack Doyle's has an annual gross volume of sales in excess of $500,000.

13. Defendant 505 HP LLC is a New York limited liability company that owns and operates The Tailor Public House & Kitchen ("The Tailor") (collectively, with John Sullivan's and Jack Doyle's, the "Irish Pubs") located at 505 8th Avenue, New York, NY 10018.

14. The Tailor has an annual gross volume of sales in excess of $500,000.

15. Defendant John Creegan is an owner and operator of the Irish Pubs. Defendant John Creegan is Defendant Brendan Creegan's father. Defendant John Creegan is listed on the New York State liquor license for all the Irish Pubs.

16. Defendant Brendan Creegan is an owner, operator, and general manager of the Irish Pubs. Defendant Brendan Creegan is listed on the New York State liquor license for all the Irish Pubs.

17. Plaintiff Faith Mabry worked for Defendants as a bartender at John Sullivan's from May 2022 to the April 2023.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all the Service Workers that Defendants employed at the Irish Pubs on or after the date that is three years before the filing of the Original Complaint in this case as defined here ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them the legally required overtime wage for all hours worked over forty (40) hours in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

21. Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all of Service Workers that Defendants employed on or after the date that is six years before the filing of this Complaint (the "Class Period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

23. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

24. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages owed, failing to provide written notice of the tip credit, failing to pay minimum wages owed, failing to pay all compensation owed, failing to pay the spread of hours premium, and failing to provide written wage notices and pay statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful

acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented and/or currently represent plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Upon information and belief, Defendants and other employers throughout the region violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

b) At what common rate, or rates subject to common methods of calculation, were and is Defendants required to pay Plaintiff and the Class members for their work.

c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the work and labor for which Defendants did not pay overtime wages for the Plaintiffs and the Class members.

d) Whether Defendants paid Plaintiff and the Class members the appropriate overtime wage for all overtime hours worked.

e) Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all overtime hours worked.

f) Whether Defendants provided written notice of the tip credit to Plaintiff and the Class members.

g) Whether Defendants paid Plaintiffs and the Class members the spread of hours premium on days in which they worked for more than 10 hours.

h) Whether Defendants issued adequate and lawful written wage notices to Plaintiffs and the Class members.

i) Whether Defendants issued adequate and lawful written pay statements to Plaintiffs and the Class members.

## **FACTS**

29. Plaintiff's consent to sue form is attached hereto as Exhibit A.

30. Defendants committed the foregoing acts willfully, and against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

31. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL as described herein.

32. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as described below.

33. Plaintiff worked for Defendants as a bartender at John Sullivan's from May 2022 to the April 2023.

34. Plaintiff normally worked 5-6 days a week. Plaintiff's days off changed week to week, but she always worked Saturdays and Sundays.

35. Plaintiff often worked the opening shift, which began at 8am. On these shifts, Plaintiff would work until at least 4pm, but would often work through the swing and work later, sometimes until 11pm.

36. On closing shifts, Plaintiff would begin work around 4pm and work until midnight or later.

37. Defendants paid Plaintiff $12.50 per hour plus tips.

38. However, $12.50 per hour is below the minimum wage and Defendants did not provide Plaintiff, or any other service worker, with a written notice of their hourly wage and that they would be taking a tip credit from the minimum wage.

39. Furthermore, Defendants did not pay Plaintiff, or other service workers, for every hour that they worked.

40. At the beginning of her shifts, Plaintiff, and other service workers, would "clock in" on a POS system, but every worker would use the same generic account to clock in. That is, Defendants did not keep clock in/clock out records for Plaintiff, or the other service workers.

41. Often Defendants paid her for less hours than she worked. For instance, Defendants often paid her an hourly rate for 25 or 30 hours a week, when in fact she had worked 35 or 40 hours a week.

42. Tellingly, Defendants never gave her a paycheck for over 40 hours in a week, even though Plaintiff routinely worked more than 40 hours in a week.

43. For example, during the week of December 19-25, 2022, Plaintiff worked approximately 65 hours, but was only paid for 40 hours.

44. That is, Defendants failed to pay Plaintiff, or any other service worker, any overtime wages for hours they worked over 40 in a week.

45. Defendants never paid Plaintiff, or any other service worker, the spread of hour premium on days when they worked over 10 hours.

46. Plaintiff complained to Defendant Brendan Creegan about not being paid an hourly wage for every hour that she worked. Defendant Creegan told her that she "was making enough in tips" so it didn't matter that she was not being paid for every hour or being paid an overtime wage.

47. Furthermore, in December 2022, Plaintiff worked at least 2 days bartending at Jack Doyle's but was never paid an hourly wage for this work.

48. Defendant Brendan Creegan is an owner and the general manager of John Sullivan's.

49. Defendant Brendan Creegan had the authority to hire, fire, set the rates of pay, set the work schedules, and discipline service workers at the Irish Pubs.

50. Defendant John Creegan is an owner of the Irish Pubs.

51. Defendant John Creegan had the authority to hire, fire, set the rates of pay, set the work schedules, and discipline service workers at the Irish Pubs.

### FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiff on Behalf of Herself
### and the FLSA Collective Plaintiffs

52. Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

53. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

54. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

55. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and the FLSA Collective Plaintiffs at one-and-one-half times their regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

56. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class**

57. Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

59. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half

times the greater of the minimum wage or their regular rate for hours worked in excess of forty (40) hours per workweek.

60. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage, Violation N.Y. Lab. L. §§ 650**
**Brought by Plaintiff on Behalf of Herself and the Class**

61. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

62. Defendants failed to provide Plaintiff, and all service workers, with written notice of the tip credit.

63. Defendants knowingly failed to pay Plaintiff, and all service workers, the full New York State minimum wage for all hours worked.

64. As a result of Defendants' willful unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**New York Spread of Hours Provisions**
**N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6**
**Brought by Plaintiff on Behalf of Herself and the Class**

65. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66. Plaintiff and the Class Members had workdays that lasted more than ten (10) hours.

67. Defendants willfully and intentionally failed to compensate Plaintiff and the Class Members one hour's pay at the basic New York minimum hourly wage rate when their workdays lasted more than ten (10) hours, as required by New York law.

68. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including compensatory damages, and liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. L. § 198.

**FIFTH CLAIM FOR RELIEF**
**New York State Late/Unpaid Wages Provisions**
**New York Minimum Wage Act, N.Y. Lab. L. § 191 et seq.**
**Brought by Plaintiff on Behalf of Herself and the Class**

69. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

70. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

71. Defendants failed to pay Plaintiff, and other service workers, for every hour that they worked.

72. The aforesaid conduct of Defendants was knowing, intentional, and willful.

73. By their aforesaid conduct, Defendants willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

74. Plaintiff and the members of the Class are thereby entitled to recover from Defendants, jointly and severally, liquidated (double) damages in the amount of their unpaid and

untimely wages, as provided by the NYLL for wage violations, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiff on Behalf of Herself and the Class

75. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

76. Defendants did not provide Plaintiff and the members of the Class with the wage notices/wage statements required by N.Y. Lab. Law § 195.

77. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. An award of damages, according to proof, including compensatory damages, liquidated damages, and punitive damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and NYLL claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23;

E. Designation of Plaintiff as Representative of the Class;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
June 27, 2023

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _s/Michael DiGiulio_
D. Maimon Kirschenbaum
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.