JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

**MEMO ENDORSED**

July 25, 2023

**VIA ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/2023
```

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *Mabry v. LAML, LLC* – Case No. 1:23-cv-05468 – Plaintiff's Letter
             Request to Adjourn Mediation Until Class-Wide Discovery is Complete

Dear Judge Caproni:

We represent the Plaintiff in the above-referenced action. We write to request, in light of Defendants' refusal to participate in discovery relating to class-certification, that the Court adjourn the Court ordered mediation until after class-wide discovery is completed, and/or the Court rules on Plaintiff's motion(s) for conditional/class certification.[1]

Relevant here, Defendants own and manage three interrelated Irish Pubs in midtown Manhattan. Plaintiff alleges that she worked for Defendants as a bartender and that Defendants, among other things, failed to pay her for all hours that she worked, including overtime hours, and paid her at the incorrect hourly rate. *See generally* Complaint (Dkt. 1). Based on these allegations, Plaintiff asserts claims against the Defendants, on behalf of herself and other similarly situated bartenders and busboys, for (1) unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) failure to pay the minimum wage as required under the NYLL; (3) failure to pay the spread of hours premium under the NYLL; (4) late payment of wages under the NYLL; and (5) failure to provide proper wage notices and statements as required by NYLL § 195. Complaint ¶¶52-77.

On July 14, 2023, this Court referred the parties to mediation and ordered the parties to exchange certain relevant information and documents prior to attending the mediation. *See* Mediation Referral Order (Dkt.16). Because Plaintiff brings her claims as collective and class action, Plaintiff cannot meaningfully discuss settlement of this case without discovery of issues pertaining to the Class. Pursuant to the Mediation Referral Order, Plaintiff requested that Defendants provide class-wide payroll information to allow Plaintiff's to formulate an informed class-wide settlement position. On July 25, 2023, the parties met and conferred regarding Plaintiff's request for class-wide discovery, and Defendants refused to produce any class-wide documents.

---

[1] Plaintiff understands his request to be one for an "adjournment" under Your Honor's Individual Rule 2(C). However, if the Court views the issues raised in this letter as a discovery dispute under Local Rule 37.2, Plaintiff will follow this Court's Individual Rule 3(B) and confer with Defendants to set up a call to Chambers.

Earlier today, Defendants' counsel requested an adjournment of their time to produce documents relating to the mediation until September 11, 2023. Plaintiff is not opposed to Defendants producing that data by September 11, 2023. However, as Defendants are only committed to producing documents relating to the Named Plaintiff, their production will not move the ball with respect settlement, and Plaintiff in any event will need to conduct formal class-related discovery to have a meaningful settlement discussion.

Plaintiff now writes the Court to request that the mediation be adjourned to allow the parties to move forward with class-wide discovery. We thank the court for its consideration of this matter.

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiff*

Application DENIED. Per the Court's July 14, 2023 Order, this case is referred to the Court-annexed mediation program, which shall be completed prior to a Rule 16 discovery conference. *See* Dkt. 16. The Court encourages the parties to take mediation seriously; in the Court's experience, FLSA cases benefit from early and meaningful participation in mediation.

Defendants' request to extend the deadline to complete initial discovery and mediation, Dkt. 17, is GRANTED. The deadline to complete the discovery described in the Court's July 14, 2023 Order, Dkt. 16, is ADJOURNED to **September 11, 2023**. The parties shall have until **October 12, 2023**, to complete mediation.

SO ORDERED.

Date: 7/26/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE