JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

July 26, 2023

**VIA ECF**

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Mabry v. LAML, LLC* – Case No. 1:23-cv-05468 – Plaintiff's Letter Request to For Sample Class-Wide Mediation Discovery

Dear Judge Caproni:

We represent the Plaintiff in the above-referenced action. Earlier today, the Court denied Plaintiff's request to postpone mediation. (*See* Dkt. 19). In light of that Order, we write to respectfully request that the Court order Defendants to produce a sample of class-wide payroll documents in anticipation of the Court ordered mediation, so that Plaintiff can engage in meaningful settlement discussions at the mediation.

As the Court is aware, Defendant owns and manages three inter-related bars in Manhattan. Plaintiff alleges that she worked for Defendants (at multiple locations) as a bartender and that Defendants, among other things, failed to pay her for all hours that she worked, including overtime hours, and paid her at the incorrect hourly rate. *See generally* Complaint (Dkt. 1). Based on these allegations, Plaintiff asserts claims against the Defendants, on behalf of herself and other similarly situated bartenders and busboys, for various Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") violations. Complaint ¶¶52-77.

On July 14, 2023, this Court referred the parties to mediation and ordered the parties to exchange certain relevant information and documents prior to attending the mediation. *See* Mediation Referral Order (Dkt.16). Because Plaintiff brings her claims as collective and class action, Plaintiff took the position that she cannot meaningfully discuss settlement of this case without discovery of issues pertaining to the Class. Pursuant to the Mediation Referral Order, Plaintiff requested that Defendants provide class-wide payroll information to allow Plaintiff's to formulate an informed class-wide settlement position. On July 25, 2023, the parties met and conferred regarding Plaintiff's request for class-wide discovery, and Defendants refused to produce any class-wide documents.

On July 25, based on Defendants' refusal, Plaintiff requested that the mediation be adjourned until class-wide discovery was completed. (Dkt. 18). Earlier that day, Defendants' counsel requested an adjournment of their time to produce, for the mediation, documents relating to the Named Plaintiff's employment. Today, the Court denied Plaintiff's request for an adjournment and granted Defendants'

request for additional time. (Dkt. 19). The Court further encouraged the parties to take mediation seriously and to participate meaningfully in the process. (Dkt. 19).

Plaintiff intends to participate meaningfully in the mediation process. To that end, earlier today, Plaintiff requested that Defendants produce, prior to the mediation, a sample of class-wide payroll documents in order to allow the parties to meaningfully evaluate the class-wide claims in this case. Without such documents Plaintiff cannot intelligibly evaluate her class claims or seriously participate in settlement discussions. Specifically, Plaintiff requested that Defendants produce the payroll records only for the bartenders and bussers for the first week of every other month for the statutory period for each of Defendants' three pubs. That is, Plaintiff is seeking only 6 weeks of pay records per year for each corporate Defendant. This request is intentionally narrow and balances the burden of producing every single pay document with the need to provide a sample over a reasonable period of time in order to inform the parties evaluation of Plaintiff's class wide claims. *See e.g., Dupres v. Houslanger & Assocs., PLLC*, No. 19-CV-6691, 2021 U.S. Dist. LEXIS 108513, at *6-9 (E.D.N.Y. June 9, 2021) (granting motion to compel class discovery on a sample basis prior to class certification); *Jackson v. Bank of Am., N.A.*, No. 16-CV-787G, 2018 U.S. Dist. LEXIS 116384, at *27-28 (W.D.N.Y. July 12, 2018) (ordering sample class wide discovery prior to class certification). Defendants refused to produce any class wide documents.

Plaintiff now writes the Court to request that the Defendants be ordered to produce, by the discovery deadline for the mediation, a class wide sample of payroll information – i.e., the payroll documents for bartenders and bussers for the first week of every other month for the statutory period for each Defendant. We thank the court for its consideration of this matter.

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiff*