JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone   (212)   688-5640
Fax   (212)   688-2548
www.jk-llp.com

October 3, 2023

**VIA ECF**

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *Mabry v. LAML, LLC* – Case No. 1:23-cv-05468 – Plaintiff's Letter
         Request for Leave to File Second Amended Complaint

Dear Judge Caproni:

  We represent Plaintiff Faith Mabry in the above-referenced action. We write, pursuant to your Individual Rules 2(A) and 4(F), to request leave to file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2). A redline version of the SAC is attached hereto as Exhibit A. Defendants do not consent to the filing of the SAC.

  Plaintiff worked as a bar tender a Defendants' Irish bar known as John Sullivan's. On June 27, 2023, Plaintiff filed her initial Complaint against Defendants for wage and hour violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Dkt. No. 1. On June 27, 2023, Plaintiff also filed a charge with the Federal Equal Employment Opportunity Commission ("EEOC") alleging discrimination claims against Defendants for actions that occurred while she was employed by Defendants. On August 24, 2023, Plaintiff filed her First Amended Complaint ("FAC") to include additional facts related to her theory that the Defendants operate a single integrated enterprise such that all of the Defendants could be held liable for Plaintiff's wage and hour claims. Dkt. No. 29.

  On September 22, 2023, the EEOC issued Plaintiff a right to sue letter. *See* Exhibit B. Thus, Plaintiff recently obtained the right to assert federal discrimination claims against Defendants. *See* 29 C.F.R. § 1601.28. As such, Plaintiff seeks leave of the Court pursuant to FRCP 15(a)(2) to amend her complaint to include additional facts and federal and state law discrimination claims.

  FRCP 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that the "court should freely give leave when justice so requires." Whether to permit leave to amend is within the sound discretion of the district court, and ordinarily leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Here, the Court should freely grant Plaintiff's request because there is no undue delay, bad faith, or dilatory motive on the part of Plaintiff, and there is no prejudice suffered by Defendants. In fact, on August 11, 2023 during a status conference regarding mediation discovery, Plaintiff's counsel notified the Court of Plaintiff's

intention to add these claims once the EEOC issued a right to sue letter. Now that Plaintiff has received the letter, Plaintiff is taking the proper steps to amend her complaint.

Despite Plaintiff's counsel's efforts to obtain Defendants' consent to file the SAC, Defendants have refused to give their consent. Defendants' position is that the discrimination claims are not connected to the wage and hour claims and therefore should not be brought in the same action. Plaintiff's counsel is not aware of any legal authority that would support Defendants' position and Defendants' counsel has not provided any. To the contrary, employment discrimination and wage and hour claims are routinely litigated in the same action as the subject matter is overlapping and doing so promotes both judicial and litigation efficiency. *See e.g., Aponte v. Clinton St. Pizza Inc.*, Case No. 22-CV-3188, 2023 U.S. Dist. LEXIS 20767 (S.D.N.Y. Feb. 7, 2023) (asserting wage and hour and employment discrimination claims in same action); *Furk v. Orange-Ulster Boces*, Case No. 15-CV-6594, 2019 U.S. Dist. LEXIS 167842 (S.D.N.Y. Sept. 27, 2019) (asserting wage and hour and employment discrimination in same action); *Pelgrift v. 335 W. 41st Tavern, Inc.*, Case No. 14-CV-8934, 2017 U.S. Dist. LEXIS 168091 (S.D.N.Y. Sept. 28, 2017) (asserting wage and hour and employment discrimination claims in same action). Thus, because Plaintiff has moved to amend her complaint with all reasonable speed and there is no reason not to include her discrimination and wage and hour claims in the same action, the Court should grant leave to file the SAC.

Plaintiff respectfully requests that the Court grant her leave to file the SAC. We thank the court for its careful consideration of this matter.

                                                Respectfully Submitted,

                                                /s/ Michael DiGiulio
Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiff*