JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 D. |
| Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

December 28, 2023

**VIA ECF**

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Mabry v. LAML, LLC* – Case No. 1:23-cv-05468 – Joint Letter

Dear Judge Caproni:

We represent the Plaintiff in the above-referenced action and, pursuant to the Court's December 5, 2023 Order (the "Order") (Dkt. No. 44), we submit this letter, jointly with Defendants, to the Court.

**Brief Description of Case**

Plaintiff's Position:

Plaintiff alleges that Defendants own, operate, and manage three inter-related Irish bars, (named John Sullivan's, Jack Doyle's and The Tailor, respectively) located within a few blocks of each other in Manhattan. *See* Second Amended Complaint ("SAC") ¶¶ 15-23, 58-76. Plaintiff worked as a bartender at John Sullivan's from May 2022 to April 2023. SAC ¶ 23. Plaintiff alleges that Defendants, among other things, failed to pay her for all hours that she worked, including overtime hours, paid her at the incorrect hourly rate, failed to give her proper wage notices and wage statements, and failed to pay her the required spread of hours pay for shifts that lasted over 10 hours in day. SAC ¶¶ 29-70. Based on these allegations, Plaintiff asserted claims against the Defendants, on behalf of herself and other similarly situated bartenders and busboys, for (1) unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) failure to pay the minimum wage as required under the NYLL; (3) failure to pay the spread of hours premium under the NYLL; (4) late payment of wages under the NYLL; and (5) failure to provide proper wage notices and statements as required by NYLL § 195. SAC ¶¶ 131-156.

In addition, Plaintiff alleges individual claims for discrimination under Title VII, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") and a retaliation claim under the NYLL. In early April 2023, a customer at John Sullivan's screamed, harassed, and assaulted Plaintiff while she was at work. SAC ¶¶ 82-100. This customer assaulted Plaintiff because she was a woman, hurling sexist and misogynist slurs and comments at Plaintiff. *Id.* The customer took out a knife and threatened to "gut" Plaintiff. SAC ¶ 93. The assault culminated in the customer throwing a chair at Plaintiff, which exploded behind her at the bar, shattering glass everywhere and cutting and bruising her face. SAC ¶ 95. Plaintiff complained to her boss, Defendant

Creegan, and asked for his protection from this customer. SAC ¶¶ 97-100, 124-130. Defendant Creegan not only did not do anything, but he also actively obstructed the NYPD's investigation by withholding information about the customer from the police. SAC ¶¶ 124-130. After Plaintiff pleaded with Defendant Creegan to protect her at work, because she was afraid the customer would come back, Defendant Creegan told her she was on her own. *Id.*

In addition, the above incident was discussed on a podcast by two famous customers who regularly drank at the bar. SAC ¶¶ 101-123. On the podcast these two individuals made disgusting sexist, racist, and violent comments about Plaintiff. SAC ¶¶ 101-117. They discussed at length how much they wanted to "fuck" Plaintiff and how because her face was now cut up and bruised because of the assault she would be in their "league," and they could now "fuck her." *Id.* The two individuals then came into the bar and proceeded to hit on Plaintiff and make sexist comments to her regarding her appearance. SAC ¶¶ 114-117. When Plaintiff heard the podcast and the terrible sexist things that were said about her, she asked Defendant Creegan to ban the two podcasters from her bar. SAC ¶¶ 118-123. Defendant Creegan refused and told her that they had a point because Plaintiff is "really pretty." *Id.* Plaintiff asked Defendant Creegan to tell the podcasters to drink at one of the other bars on the block that Defendant Creegan owns and operates so that she would not have to be subjected to their disgusting harassment anymore. *Id.* Again, Defendant Creegan refused, and did nothing to protect her from further harassment.

Plaintiff, terrified for her physical safety that the customer who assaulted her would come back, that the two podcasters would continue to sexually harass her, and that her boss would continue to actively do nothing as her safety and wellbeing was being threatened at work, in late April 2023, she resigned. SAC ¶¶ 128-130. Plaintiff alleges this was an unlawful constructive discharge.

<u>Defendants' Position:</u>

Plaintiff Faith Mabry has filed claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) against her former employer LAML, LLC d/b/a John Sullivan's Bar & Grill, Brendan Creegan, and John Creegan, and other unassociated businesses, 240 BBJ Pub, Inc d/b/a Jack Doyle's Restaurant & Bar, and 505 HP LLC d/b/a The Tailor Public House & Kitchen. Plaintiff alleges that Defendants failed to pay her for all hours worked, including overtime hours; paid her at the incorrect hourly rate; failed to give her proper wage notices and wage statements; and failed to pay her the required spread of hours.

Defendants maintained clear and detailed records of the hours worked and pay issued to Plaintiff. It is the Defendants' position that Plaintiff: (1) was properly compensated for all hours worked during her employment with Defendants; (2) was duly and in time provided with all documents regarding her wages under the FLSA and NYLL; (3) Plaintiff was solely an employee of LAML, LLC d/b/a John Sullivan's Bar & Grill and was strictly paid by her employer without any type of "joint employer" relationship with the other corporate defendants, which are also pubs/restaurants. The only "connection" with the other pubs is that they are owned by relatives of LAML, LLC d/b/a John Sullivan's Bar & Grill.

According to Plaintiff's allegations, Defendants did not provide safety and security to Plaintiff to prevent the alleged assault. However, defendant Brendan Creegan did all in his power to make sure that Faith Mabry and all employees have a safe work environment. After Mr. Creegan was notified of the incident, he immediately called the bar to offer his assistance and further called a friend working

at his other bar down the street to go to Jack Sullivan's to ensure Faith Mabry's safety and to offer help. Moreover, the Defendants did all they could to participate in the police's investigation into the incident.

Plaintiff's "Pod Cast Allegations" concern a pod cast created by third party customers of the pub Anthony Cumia and Gavin McInnes about the incident are without merit. At the outset, Defendants were not involved in the podcast, and had no control over the statements that third parties make. Plaintiff's claims are misguided as Plaintiff should assert such claims against Cumia and McInnes, and not against Defendants.

## **Contemplated Motions**

Plaintiff's Position:

On behalf of herself and other similarly situated, Plaintiff asserts claims for unpaid overtime against Defendants under the FLSA. SAC ¶¶ 131-135. Plaintiff intends to move for conditional certification pursuant to the FLSA, 29 U.S.C. § 216(b). In this anticipated motion, Plaintiff will respectfully request that the Court (1) conditionally certify an FLSA collective consisting of all tipped employees (i.e., bartenders and bussers) employed at the three Irish Bars operated by Defendants or after June 27, 2020; (2) order Defendants to produce certain identifying information about potential Opt-In Plaintiffs to facilitate the dissemination of notice of this action; and (3) approve Plaintiff's proposed notices and plan of notice. Specifically, there is documentary evidence in the record (i.e., Defendants' own pay records) showing that Defendants failed to pay their tipped employees the correct amount of overtime on weeks when an employee worked over forty hours per week, and when Defendants did pay an employee overtime, Defendants failed to pay them the correct rate of overtime.

Defendant's Position:

Defendants oppose Plaintiff's request for a collective action. As provided above, Plaintiff was solely an employee of LAML, LLC d/b/a John Sullivan's Bar & Grill. As such, the other corporate defendants have no relevance to this matter. As to defendant LAML, LLC d/b/a John Sullivan's Bar & Grill, Defendants will consider a review of Plaintiff's proposed Motion for Collective Action and Proposed Notice, in an effort to resolve same, and thereby unburden the court with an unnecessary motion.

Defendants further contemplate a Motion to Dismiss the non-relevant defendants, Jack Doyle's and The Tailor, as Plaintiff was never employed by these entities. Plaintiff has no basis to assert claims on these entities, and is merely seeking to drag them into this lawsuit for improper purposes.

## **Basis For Subject Matter Jurisdiction**

Plaintiff's Position:

This Court has original federal question subject matter jurisdiction over the FLSA and Title VII claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the NYLL, NYSHRL, and NYCHRL claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Defendant's Position:

The Defendants assert that LAML, LLC d/b/a John Sullivan's Bar & Grill may not meet the FLSA threshold requirement of grossing $500K. If this can be established, defendant John Sullivan's Bar & Grill will seek to dismiss Plaintiff's claims, and request that this court not exercise jurisdiction over Plaintiff's New York state law claims, which Plaintiff can pursue in New York State Court.

Defendants further contemplate a Motion to Dismiss the non-relevant defendants, Jack Doyle's and The Tailor, as Plaintiff was never employed by these entities. Plaintiff has no basis to assert claims on these entities, and is merely seeking to drag them into this lawsuit for improper purposes.

## Prospect For Settlement

Plaintiff's Position:

The Plaintiff contends that settlement is unlikely at this time. As the Court is likely aware, the parties were ordered to attend a mediation under the Court's FLSA protocols. Dkt. No. 16. In anticipation of the mediation, the parties engaged in class-wide discovery, and the with the help of the Court, the parties exchanged some class-wide documents. On November 29, 2023, the parties attended a mediation, and the case did not settle. *See* Minute Entry, December 4, 2023. As such, the parties believe a settlement is unlikely at this time.

Defendant's Position:

Defendants believe that a Second Mediation session is warranted with the same Mediator, who is now familiar with this case. This matter involves numerous wage and hour claims, collective claims, and discrimination claims. As such, it is not surprising that the parties could not reach a settlement at the First Mediation. Defendants have requested Plaintiff's consent to a Second Mediation with no response. The Mediator has advised that he is open to holding another session. Defendants further note that a Second Mediation may resolve the need for any motion practice as described above, and would be cost effective for the parties to engage in now at this early stage of the litigation.

## Rule 16 Conference

Plaintiff's Position:

The parties have conferred and agree that because the parties have already been in front of the Court numerous times to address pre-mediation discovery disputes, and the parties have been engaged and in communication with each other, the Rule 16 conference scheduled for January 5, 2023 is unnecessary. As such, the parties request that the Court either so order the proposed CMP, or because Plaintiff intends to move for FLSA conditional certification, stay discovery pending Plaintiff's motion.

Defendants' Position:

Defendants do not agree with Plaintiff's position. Plaintiff is unavailable to change the above statement as he is travelling for the holidays. As such, Defendants have not modified it. Defendants

respectfully submit that a conference before Your Honor is warranted to flesh out and resolve many of the above issues about, a Second Mediation, and anticipated motion practice.

Defendants respectfully request that the in-person January 5, 2024 Initial Conference at 10:00 a.m. be held via Phone or Zoom to facilitate a reduction in costs and legal fees on the parties.

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiff*