**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone  (212)  688-5640
Fax    (212)  688-2548
www.jk-llp.com

February 26, 2024

**VIA ECF**

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *Mabry v. LAML, LLC* – Case No. 1:23-cv-05468 – Plaintiff's Letter Response to Defendants' Letter to Court

Dear Judge Caproni:

We represent the Plaintiff, Faith Mabry, in the above-referenced action. We write to (a) alert the Court of overt misrepresentations in Defendants' February 23, 2024 letter to the Court, (Dkt. No. 57) and (b) request that the Court either set a deadline for Defendants to clarify whether they have agreed to Plaintiff's proposed settlement terms or to schedule an in-person conference to allow Defendants to clarify their position on Plaintiff's proposed settlement.

As the Court is aware, Plaintiff moved for conditional collective certification of his action as a collective action under the Fair Labor Standards Act ("FLSA"). Dkt. No. 50. Defendants did not file an opposition to Plaintiff's motion, and the Court denied Defendants' request to allow them more time to do so. *See* Dkt. No. 56. Thus, the briefing on Plaintiff's collective certification motion is fully submitted.

Last week Plaintiff and Defendants were engaged in settlement discussions. On Friday, February 23, Plaintiff sent Defendants a settlement proposal and included therein a proposed settlement agreement. Plaintiff was explicit that the settlement was contingent on the material terms included in the draft agreement. Defendants' counsel responded that while his client agreed to the underlying number and payment plan demanded by Plaintiff, there was not an agreement as to the other terms. Plaintiff's counsel reiterated her position that until there was a signed agreement evincing an agreement on all terms, "[w]e do not have an agreement in principle." Plaintiff's counsel was clear that we would not notify the Court that there was an agreement until there was an agreement as to the terms. To be sure, the additional terms included the scope of the release, no confidentiality, etc. Defendants have not signed the settlement agreement or indicated that they agreed to the terms that Plaintiff insisted were material, to which they previously stated there was no agreement. Astoundingly, moments later, Defendants filed a letter with the Court misstating that there was a "settlement in principle." *See* Dkt. No. 57. Clearly, Defendants intended to stop the clock on the motion for conditional certification, which they failed to timely oppose, by notifying the Court that there was a settlement when there in fact was not one.

Plaintiff now requests that the Court order Defendants to clarify whether they have agreed to all of material terms proposed by Plaintiff as reflected in the proposed settlement agreement, as Defendants represented to the Court in their letter or to clarify there is no settlement agreement (in principle or otherwise) between the parties. If Defendants notify the Court that they agree to the terms of the proposed settlement agreement, Plaintiff requests that the Court set a deadline by which the parties will submit an executed settlement agreement for review under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Alternatively, we respectfully request a conference to address Defendants' misstatement and the next steps in this case.

We thank the court for its consideration of this matter.

                                                          Respectfully Submitted,

                                                          /s/ D. Maimon Kirschenbaum
                                                          D. Maimon Kirschenbaum
                                                          Michael DiGiulio
                                                          32 Broadway, Suite 601
                                                          New York, NY 10004
                                                          Tel: 212-688-5640
                                                          Fax: 212-688-2548

                                                          *Attorneys for Plaintiff*