

WWW.MKCLAWGROUP.COM
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 32 EAST 57TH STREET, 8TH FL. | 2 EXECUTIVE DRIVE, STE. 240 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10022 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

March 7, 2024

<u>Via ECF; Total Pages: 3</u>
Hon. Valerie E. Caproni, U.S.D.J.
United States District Court - SDNY
40 Foley Square New York
New York, NY 10007

    Re:    Mabry v. LAML, LLC d/b/a John Sullivan's Bar & Grill et al
                Docket No. 1:23-cv-05468-VEC

Dear Judge Caproni:

    This office represents defendants LAML, LLC, 240 BBJ Pub Inc., 505 HP LLC, Brendan Creegan, and John Creegan (hereinafter collectively "Defendants") in the above referenced matter.

1. I respectfully withdraw my request to cancel the conference for tomorrow morning.

2. The letter filed by Plaintiff's counsel on 2/26/24 (Doc 58) is filled with false representations to the court.

3. Specifically, it was only AFTER the parties had agreed to a settlement number did Plaintiff's counsel send to me a proposed written settlement agreement, and THEN said these are the terms.

4. **<u>Yet the parties have worked on revising and finalizing the settlement agreement during this past week --- so indeed it was not a finalized settlement agreement that Plaintiff's counsel D. Maimon Kirschenbaum sent to me as he has represented to the court.</u>**

5. Indeed, there were numerous substantive errors in the proposed settlement agreement that Plaintiff's counsel sent to me.

1

6. I advised Plaintiff's counsel that I would need to review the proposed settlement agreement, which is quite normal I might add, but that as discussed, we have an agreement in principle as to the settlement.

7. As such there was nothing false in my 2/23/24 (Doc 57) letter to the court.

8. Plaintiff's counsel's representations to the Court in their 2/26/24 letter misguides the court as to the chain of events.

9. Indeed, it is so very clear what Plaintiff's counsel was doing – He was seeking to misguide the court – and use that as leverage to unethically force Defendants to sign the last minute (poorly drafted) settlement agreement which he sent to me.

10. I could not have my clients sign Plaintiff's initial proposed Settlement Agreement, as it was filled with substantive errors including wrong names, misidentified parties, wrong amounts cited in the Confessions of Judgment ("COJ"), failure to identify tax responsibilities, COJ's citing to wrong settlement payments, COJ's that did not restrict the total judgment amount, along with numerous typographical errors.

11. Plaintiff's counsel misguidingly represents in his 2/26/24 (Doc 58) letter that his proposed Settlement Agreement was the final agreement, and if it was not signed, there was no settlement.

12. Indeed, it was not the final settlement agreement. I have filed today a copy of the finalized settlement agreement, which after significant modifications, was signed by Defendants. Numerous drafts have gone back and forth this week – at least 5 versions.

13. Indeed, this past week Plaintiff's counsel and I have been exchanging revisions to the proposed settlement agreement, which has just been finalized today. This further confirms the truthfulness of my representations to the court, and the false misguided representations Plaintiff's counsel D. Maimon Kirschenbaum has made to this court.

14. I have participated in numerous FLSA settlement conferences and mediations, and in each one, after the parties agree to the settlement amount, and payment terms, the parties advise the court that there is a settlement in principle, and that the parties will work on finalizing a settlement agreement and submit same to the court for review.

15. Instead of engaging in good faith conduct as provided above, Plaintiff's counsel sought to unethically force my client to sign an erroneous settlement agreement that he sent over to me at the last minute.

16. I filed my letter on 2/23/24 (Doc 57) when the parties reached a settlement in principle.

17. ONLY after the parties reached a settlement in principle as to the settlement amount and payment plan, did D. Mainmon Kirschenbaum thereafter email to me his proposed settlement agreement (filled with substantive errors) and then demand that my client immediately sign it. When I advised him, I would need to review it, HE REFUSED and said either sign it – or we have no settlement.

18. I have practiced for 24 years and I have never made a false representation to a court. I stated in my 2/23/24 letter (Doc 57) that the parties reached a settlement in principle – which they did.

19. My 2/23/24/ (Doc 57) letter states as follows:

Dear Judge Caproni: This office represents defendants LAML, LLC, 240 BBJ Pub Inc., 505 HP LLC, Brendan Creegan, and John Creegan (hereinafter collectively "Defendants") in the above referenced matter. I am submitting this letter to notify the court that the parties have reached a settlement in principle, with an agreement on the settlement amount and payment time period. Plaintiff's counsel has emailed to me a proposed settlement agreement that I will be reviewing. Thank you kind courtesies as to this matter.

20. Nothing in this letter is a "false" statement. As such, I believe sanctions are warranted against Plaintiff's counsel for engaging in bad faith conduct relating to our settlement discussions, using unethical tactics, and wasting the parties time and courts time.

Thank you for your kind courtesies as to this matter.

Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/
cc:  Plaintiff's counsel (*via ECF*)