JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

March 13, 2024

**VIA ECF**

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re: *Mabry v. LAML, LLC* – **Case No. 1:23-cv-05468 – Fairness Letter Motion**

Dear Judge Caproni:

  We represent the Plaintiff Faith Mabry ("Plaintiff") in the above action, and we write the Court to respectfully request that the Court approve the parties' settlement agreement, including the settlement of the Fair Labor Standards Act ("FLSA") claim in this case, because the settlement is fair and reasonable under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The parties' executed settlement agreement is submitted herewith as Exhibit 1 ("Agreement").

## Background

  By way of background, and as the Court is aware, Plaintiff alleges that Defendants own and manage three inter-related Irish bars (named John Sullivan's, Jack Doyle's and The Tailor, respectively) located within a few blocks of each other in Manhattan. *See* Second Amended Complaint ("SAC") ¶¶ 15-22, 58-76 (Dkt. 40). Plaintiff worked as a bartender at John Sullivan's from May 2022 to April 2023. Plaintiff alleges that Defendants, among other things, failed to pay her for all hours that she worked, including overtime hours, paid her at the incorrect hourly rate, failed to give her proper wage notices and wage statements, and failed to pay her the required spread of hours pay for shifts that lasted over 10 hours in day. *See* SAC ¶¶ 29-70. Based on these allegations, Plaintiff asserted claims against the Defendants, on behalf of herself and other similarly situated bartenders and busboys, for (1) unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) failure to pay the minimum wage as required under the NYLL; (3) failure to pay the spread of hours premium under the NYLL; (4) late payment of wages under the NYLL; and (5) failure to provide proper wage notices and statements as required by NYLL § 195. SAC ¶¶ 131-156.[1]

---

[1] While Plaintiff brought her wage and hour claims on a collective and class wide basis, the settlement agreement in this matter only relate to Plaintiff's individual claims.

In addition, Plaintiff has asserted discrimination claims under Title VII, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") and a retaliation claim under the NYLL. These claims are premised on two interrelated incidents that occurred at John Sullivan's in April 2023, and Plaintiff's allegation is that Defendants failed to take reasonable steps to protect her from sexual harassment and assault. *See* SAC ¶¶ 77-130. As a result of Defendants' alleged failures, Plaintiff contends that she was constructively discharged. SAC ¶¶ 128-130.

The parties' settlement agreement resolves all of Plaintiff's claims in this action for the settlement amount of $100,000.

## The Settlement Agreement is Fair and Reasonable

To determine whether an FLSA settlement is "fair and reasonable," the court considers five factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Zamora v. One Fifty Fifty Seven Corp.*, no. 14-cv-8043, 2016 U.S. Dist. LEXIS 49286, at *2 (S.D.N.Y. Apr. 1, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). As set forth more fully below, the settlement is fair and reasonable and thus should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

In determining whether the Settlement Agreement is fair and reasonable, the parties took into account that: (A) the parties strenuously dispute the amount that Plaintiff was paid and the amount of time Plaintiff worked for Defendants, (B) Defendants claim an inability to pay a larger settlement amount, and (C) the settlement provides for a full recovery of Plaintiff's alleged "overtime" damages without the inherent risk and time of litigation. *See generally, Mobley v Five Gems Mgt. Corp.,* 17-Civ.-9448 2018 US Dist. LEXIS 59104 at *4 (S.D.N.Y. April 6, 2018) (listing similar considerations).

The $100,000 settlement is reasonable in light of Plaintiff's maximum possible FLSA recovery. Plaintiff's maximum compensatory damages for her unpaid overtime under the FLSA and NYLL are $11,711.25, and she could receive an equal amount as liquidated damages. Her maximum compensatory damages for her NYLL-only minimum wage and spread of hours claims are $13,946.25, and she could recover and equal amount as liquidated damages. In addition, Plaintiff could recover $10,000 in penalties for her NYLL § 195(1), (3) claims. In sum, Plaintiff's maximum wage and hour damages are $61,315, of which $23,422.50 are FLSA damages. However, Plaintiff faces substantial risks in winning her maximum possible recovery. The parties vigorously dispute the accuracy of the time and pay records produced in this litigation, and because most of Plaintiff's claims require rejecting the accuracy of time and pay records produced, there is substantial risk for Plaintiff in going to trial on her claims. Accordingly, this settlement, which substantially exceeds Plaintiff's maximum possible FLSA and wage and hour recovery and will provide Plaintiff – after deducting attorneys' fees – with $66,400, which is more than her maximum possible wage and hour recovery, is fair and reasonable.

In addition, Plaintiff is reasonably concerned about Defendants' ability to pay. Defendants operate small bars Defendants contend are under financial hardship and could be forced to close. Thus, even if Plaintiff were to prevail at trial and was awarded a larger judgment, it is unclear whether Defendants would be able to pay it. In light of this serious risk, it is more than reasonable for Plaintiff to accept a sum-certain settlement now with a reasonable payment plan. *See, e.g. Villanueva v. 179 Third Avenue Rest. Inc.*, No. 16-cv-8782 (AJN), 2018 U.S. Dist. LEXIS 116379, at *5 (S.D.N.Y. July 12, 2018) ("Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise."); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) (collecting cases that "recognize[] that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.").

Additionally, this settlement was the product of an extensive arms-length, and, at times, quite contentious negotiation between the parties. Thus, there is no reason to suspect fraud or collusion. Also, the settlement agreement itself does not contain any offensive confidentiality provisions or any impermissible releases. Plaintiff has agreed to release Defendants from Plaintiff's wage and hour and non-wage and hour employment claims, including discrimination claims. *See* Agreement ¶ 4. Notably here, Plaintiff has asserted non-wage and hour employment claims – *i.e.*, discrimination and retaliation claims – and thus, the release for all employment related claims is reasonable. *See e.g., Pascual v. Three Diamond Diner Corp.*, Case No. 21-CV-3333, 2023 U.S. Dist. LEXIS 18734, at *10-11 (S.D.N.Y. Feb. 3, 2023) (approving release of all claims arising out of Plaintiff's employment with Defendants because complaint asserted discrimination claims); *Lewis v. GB Sneakers Inc.*, Case No. 21 CV 4712, 2023 U.S. Dist. LEXIS 11504, at *3 (E.D.N.Y. Jan. 20, 2023) (approving release of claims not previously alleged in complaint, including discrimination claims, because settlement included additional payment beyond FLSA amount).

Finally, Plaintiff's attorneys' fees are reasonable and not excessive. Plaintiff's attorneys' fees and costs under the agreement are $33,600, which is 1/3 of the total settlement amount. This attorneys' fee award is less than Plaintiff's counsel's lodestar, which is $34,737.50. Plaintiff's counsel's time and labor warrants the requested fee. Among other things, Plaintiff's counsel (1) met with the Plaintiff many times while prosecuting this case over the past year, (2) drafted and filed a wage and hour complaint, (3) drafted and filed an EEOC complaint, (4) obtained a right to sue letter from the EEOC, (5) successfully moved to amend the complaint to include discrimination claims, (6) prepared Plaintiff's discovery production for mediation (7) reviewed Defendants' discovery production, (8) successfully moved to obtain the production of class wide sample payroll records, (9) analyzed class wide document production and created individual and class wide damages estimates, (10) prepared for and attended a court ordered mediation, (11) moved for conditional collective certification, and (12) negotiated an individual settlement and moved for court approval of the settlement.

In total, Plaintiff's counsel spent at least 100.6 hours litigating this action, as reflected in the time records submitted herewith as Exhibit 2. Plaintiff's counsel exercised billing judgment to omit duplicative, vague, or otherwise excludable entries from Exhibit 2. Plaintiff's counsel also incurred $835.89 in costs in litigating this action, consisting of the $402 filing fee and $433.89 for service of process. Evidence of Plaintiff's costs are submitted herewith as Exhibit 3. Plaintiff's

counsel's total lodestar in this action is $34,737.50, which is more than the requested fee and cost award.[2] *See* Ex. 2. Thus, the $33,600 that is allocated to Plaintiff's counsel in the settlement agreement amounts to 96.73% of the fee lodestar amount, or 94.45% of the fee lodestar plus costs. Because this lodestar multiplier is less than one, this Court may find the "fees presumptively reasonable" and "need not assess the reasonableness of the rates charged." *Villanueva*, 2018 U.S. Dist. LEXIS 116379, at *8. Moreover, as discussed above, in this settlement Plaintiff is recovering, after attorneys' fees, far more than her maximum FLSA damages, and more even than her full wage and hour damages. Accordingly, the fee award is objectively reasonable.

Further, under Plaintiff's contingency fee engagement agreement, Plaintiff's counsel is entitled to request out of the total recovery one-third in attorneys' fees and the recovery of costs. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14-cv-9063, 2016 U.S. Dist. LEXIS 99669, at *6–7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of

---

[2] Plaintiffs' counsel has extensive experience representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employees' rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. The three billers in this case are Michael DiGiulio, Esq. (undersigned), Denise Schulman, Esq., and the paralegal Evelyn Valesaca. Plaintiff's counsel's attorney time is attached as Exhibit 2.

I graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, I clerked on the United States Court of Appeals for the Second Circuit and practiced environmental law as an associate attorney for Super Law Group. The majority of my docket at JK consists of individual and class/collective wage and hour actions, and employment discrimination/retaliation cases. My rate of $350 per hour is reasonable and has been approved in this District. *See e.g., Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (S.D.N.Y. April 12, 2023) (Order at 33, attached as Ex. 5). Courts have also approved that rate for other attorneys with similar experience. *See Wen Bin Gao v. Lucky Brother Inc.*, Case No. 17-cv-8159, 2020 U.S. Dist. LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020) (awarding associate rate of $350 in FLSA case); *Calixto v. Gomez Enters. USA Corp.*, Case No. 17-cv-9617, 2019 U.S. Dist. LEXIS 6592, at *5-6 (S.D.N.Y. Jan. 11, 2019) (awarding associate rate of $350 per hour for an attorney with 4 years of experience in an FLSA case). Mr. DiGiulio spent approximately 91.5 hours on this case, for a total of $32,025 (91.5 hours x $350 per hour).

Ms. Schulman received her J.D. from New York University School of Law in 2008 and joined JK in January 2009. Ms. Schulman was an associate at JK until February 2017, when she became a partner. Ms. Schulman's practice at JK has consisted almost entirely of representing employees in their claims against employers. She has extensive experience litigating wage and hour cases, including both individual and class actions, as well as other employment matters, including discrimination and retaliation cases. As a partner and experienced litigator, Ms. Schulman's rate of $500 per hour is reasonable. Courts in this District have recently approved an hourly rate of $500 for Ms. Schulman. *See e.g., Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (S.D.N.Y. April 12, 2023) (Order at 31-33, attached as Ex. 5); *Zivkovic v. Laura Christy LLC,* No. 17 Civ. 553 (S.D.N.Y. June 15, 2023) at 16:16-19, 17:21-22 (transcript attached as Ex. 4). Ms. Schulman spent approximately 4.2 hours on this case, for a total of $2,100 (4.2 hours x $500 per hour).

Evelyn Velesaca was a paralegal at JK. Her rate of $125 per hour is reasonable. *See e.g., Rosales v. Gerasimos Entrs.* Case No. 16-CV-2278, 2018 U.S. Dist. LEXIS 1230 at *5 (S.D.N.Y. Jan. 3, 2018) (noting in 2018 that "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable"). Ms. Velesaca spent 4.9 hours on this case, for a total of $612.50.

the fund method"). Using this method, "attorneys' fee awards of one third or less of the total settlement amount are generally accepted" in this Circuit. *Cionca v. Interactive Realty, LLC*, No. 15-cv-5123, 2016 U.S. Dist. LEXIS 77372, at *5 (S.D.N.Y. June 10, 2016); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16-cv-1129 (HBP), 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit.") (citing cases); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *5 (S.D.N.Y. June 20, 2016) (fee award of one-third of settlement "consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases" (quotation omitted)).

For the foregoing reasons, Plaintiff requests that the Court approve the settlement agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully Submitted,

/s Michael DiGiulio
Michael DiGiulio
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-564
*Attorneys for Plaintiff*